UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> v <br><br> HOFFMANN-LA ROCHE INC., <br> ROCHE LABORATORIES INC., <br> ROCHE COLORADO CORP., <br> TRIMERIS, INC., and <br> F. HOFFMANN-LA ROCHE LTD. <br><br> Defendants. | Case No. 2-07CV-507 DF <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Novartis Vaccines and Diagnostics, Inc. ("Novartis V&D") alleges as follows:

### PARTIES

1.   Novartis V&D is a Delaware Corporation with its principal place of business in Emeryville, California.

2.   Hoffmann-La Roche Inc. ("HLRI") is a New Jersey corporation with its principal place of business in Nutley, New Jersey.

3.   Roche Laboratories Inc. ("RLI") is a Delaware corporation with its principal place of business in Nutley, New Jersey.

4.   Roche Colorado Corp. ("RCC") is a Delaware corporation with its principal place of business in Boulder, Colorado.

5.   Trimeris, Inc. ("Trimeris") is a Delaware corporation with its principal place of business in Morrisville, North Carolina.

6.   F. Hoffmann-La Roche Ltd. ("FHLR") is a Swiss corporation with its principal place of business in Basel, Switzerland.

1

## JURISDICTION

7. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. section 1, *et seq.*, including 35 U.S.C. section 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

8. Personal jurisdiction exists generally and specifically over HLRI, RLI, RCC, FHLR, and Trimeris (collectively "Defendants") because Defendants have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas. Each Defendant, also directly or through subsidiaries intermediaries or collaborators (including downstream manufacturers, distributors, retailers, and others), ships, distributes, offers for sale, sells, imports, advertises, and/or markets a product known as FUZEON (enfuvirtide), throughout the United States, the state of Texas, and the Eastern District of Texas. Each Defendant acts in consort with others to purposefully and voluntarily place infringing products in a distribution chain that foreseeably leads to the infringing products being sold in this judicial district as part of the ordinary stream of commerce. Each Defendant has done so with the expectation that these infringing products have been, and will continue to be, purchased by consumers in this judicial district and that such purchases are part of the ordinary stream of commerce.

## VENUE

9. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. sections 1391(b) and (c) and 1400(b) because Defendants have committed acts of infringement in this district, and because Defendants may be found and/or reside in this district.

## COUNT ONE
### (Patent Infringement)

10. Novartis V&D incorporates by reference paragraphs 1 through 9 of this Complaint and realleges them as though fully set forth herein.

2

11. On October 23, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,285,271 B1, entitled "Antigenic Composition Comprising an HIV gag or env Polypeptide" (the "'271 Patent"), a copy of which is attached as Exhibit A.

12. Novartis V&D is the owner by assignment of all rights, title, and interest in and to the '271 Patent.

13. Each of the Defendants has been and is now infringing, contributorily infringing, and/or actively inducing infringement of the '271 Patent by making, using, offering to sell, selling, promoting, instructing others regarding the use of, and/or importing into the United States of America a product known as FUZEON (enfuvirtide).

14. On information and belief, Defendants' infringement of the '271 Patent is willful.

15. This case is exceptional pursuant to the provisions of 35 U.S.C. section 285.

16. As a consequence of Defendants' infringement, Novartis V&D is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

17. Defendants' infringement has injured and will continue to injure Novartis V&D, unless and until such infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Novartis V&D requests that the Court:

A. Adjudge that the '271 Patent is valid and enforceable;

B. Adjudge that Defendants are infringing and have infringed, and have contributed to and induced infringement of, the '271 Patent, and that such infringement is willful and deliberate;

C. Enjoin HLRI and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '271 Patent;

D. Enjoin RLI and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '271 Patent;

E. Enjoin RCC and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '271 Patent;

F. Enjoin FHLR and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '271 Patent;

G. Enjoin Trimeris and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with them, from further infringement of the '271 Patent;

H. Award compensatory damages to Novartis V&D, together with interest;

I. Award treble damages to Novartis V&D for Defendants' willful infringement of the '271 Patent;

J. Find the case to be exceptional under the provisions of 35 U.S.C. section 285;

K. Award Novartis V&D its costs and attorney fees pursuant to 35 U.S.C. section 285;

L. Award Novartis V&D such other and further relief as it deems just and proper

### DEMAND FOR JURY TRIAL

Plaintiff Novartis V&D hereby demands a jury trial on all issues so triable.

Dated: November 19, 2007

MCKOOL SMITH, P.C.

By: /s/ Sam Baxter
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
(903) 923-9099 (fax)

**ATTORNEYS FOR PLAINTIFF NOVARTIS VACCINES AND DIAGNOSTICS, INC.**

Of Counsel:

Rachel Krevans
Matthew I. Kreeger
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

5