**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NOVARTIS VACCINES AND DIAGNOSTICS, INC.** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 2:07-CV-507** |
| **HOFFMANN-LA ROCHE INC.,** **ROCHE LABORATORIES INC.,** **ROCHE COLORADO CORP.,** **TRIMERIS, INC., and** **F. HOFFMANN-LA ROCHE LTD.** | § § § § § § | |
| **Defendants.** | § § | |

**NOVARTIS' SUR-REPLY RE TRIMERIS'S MOTION TO TRANSFER OR DISMISS**

## I.      INTRODUCTION

Evidently recognizing the weakness of the jurisdictional arguments that were the

centerpiece of its opening brief, Trimeris now emphasizes its motion to transfer.  However, this

fall-back argument fares no better than the jurisdictional argument.  The motion should be denied

in its entirety.

## II.     ARGUMENT

### A.      Trimeris is Subject to Personal Jurisdiction in the Eastern District of Texas

Trimeris is deeply involved in the entire process that culminates with the delivery of

Fuzeon into Texas, including the Eastern District of Texas.  Trimeris ignores the following facts:

(1) Trimeris derives virtually all of its income from Fuzeon; (2) the "alliance structure" with

Roche "allows Trimeris to retain "a *significant economic interest and a major strategic role* in

the research, manufacturing, and commercialization" of Fuzeon;[1] (3) Trimeris sponsored eight

clinical trials for Fuzeon in Texas; (4) Trimeris has its name stamped on nearly everything

related to Fuzeon; (5) Trimeris helped develop and maintain the Fuzeon website;[2] and (6) Fuzeon

has been sold in the Eastern District of Texas with the Trimeris logo prominently displayed on

the packaging.  Although highly relevant to the jurisdictional inquiry, Trimeris ignores its many

statements on its website and in its SEC filings regarding its key roles in the Fuzeon enterprise.

Most of Trimeris' arguments seem directed to contradicting its own statements and the

documentary record regarding its deep involvement in the Fuzeon enterprise.  Although the

---

[1] *See* http://www.trimeris.com/150Alliances.aspx (emphasis added).

[2] Because it lacks any real arguments regarding jurisdiction, Trimeris manufacturers a straw man:  "The mere existence of a Fuzeon website bearing Trimeris' name is not sufficient to establish minimum contacts with the forum."  Dkt. No. 47 at 6.  As Novartis specifically stated, the website is *just one of many factors* that demonstrate Trimeris is subject to personal jurisdiction in this district.  *See* Dkt. No. 37 at 9 n.7.

Fuzeon website itself *currently* states that Trimeris both helped develop and helps maintain the

website,[3] Trimeris claims that it now has little involvement.  *See* Dkt. No. 47 at 6-7.  Although

the website maintained by the U.S. National Institutes of Health (ClinicalTrials.gov) that tracks

clinical trials states that Trimeris is a "sponsor" or "collaborator," Trimeris now claims that

Roche was responsible for the protocol for the most recent clinical trial for Fuzeon.  *See* Dkt. No.

47 at 8.  Of course, Trimeris completely ignores the seven *other* Fuzeon trials it has sponsored in

Texas almost continuously since 1999.  *See* Dkt. No. 37, Ex. 1G.  And despite its own statement

that Trimeris maintains a "significant economic interest and a major strategic role" as to

Fuzeon,[4] Trimeris now claims to be a passive participant, that provides "indirect financial

support" and that Roche has the "principal" role.  *See* Dkt. No. 47 at 8.

Trimeris cannot prevail on its motion by contradicting its own statements because

disputed facts are construed in favor of Novartis.  *See, e.g., Kelly v. Syria Shell Petroleum Dev.*

*B.V.*, 213 F.3d 841, 854 (5th Cir. 2000); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208,

214 (5th Cir. 2000).  Trimeris also states that Novartis "cannot demonstrate" certain facts

relating to jurisdiction.  *See* Dkt. No. 47 at 6.  However, where a court resolves a motion to

dismiss without an evidentiary hearing, a plaintiff must make only a *prima facie* showing of the

facts on which jurisdiction is predicated.  *See Elec. for Imaging, Inc. v. Coyle*, 340 F.3d 1344,

1349 (Fed. Cir. 2003);  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.

2000).  Trimeris' attempt to contradict its own SEC filings, websites, and public statements

cannot deprive this court of jurisdiction, particularly when discovery has not even commenced.

---

[3] The Fuzeon website states:  "All information contained in this website is generated and maintained by Roche Laboratories Inc., Nutley, New Jersey, *and* Trimeris, Inc., Morrisville, North Carolina" and "This Web site was developed as a service provided by Roche Laboratories Inc. ('Roche') *and* Trimeris, Inc. ('Trimeris')."  *See* Dkt. No. 37, Ex. 1H (emphasis added).

[4] *See* http://www.trimeris.com/150Alliances.aspx.

Trimeris also argues that it is not subject to jurisdiction because, although Fuzeon has

been on sale for five years, Novartis only obtained a single receipt for a Fuzeon sale in Marshall,

Texas.  *See* Dkt. No. 47 at 8-9.[5]  The receipt demonstrates that Fuzeon has been sold in this

district and Novartis is not required to obtain multiple receipts demonstrating what Trimeris does

not dispute:  Fuzeon has been and continues to be sold in the Eastern District of Texas.

Trimeris appears to suggest that Roche does not have an "established distribution

channel" within the Eastern District of Texas.  *See* Dkt. No. 47 at 9.  Of course, this is flatly

inconsistent with the evidence.  For example, the Trimeris 10-Q states:  "FUZEON is widely

available through retail pharmacies and wholesalers across North America."  *See* Dkt. No. 37,

Ex. 1A at 6.  Moreover, Trimeris is involved in the same stream of commerce for Fuzeon as

Roche and it is undisputed that Roche has an established distribution channel that subjects it to

jurisdiction in this district.  *See* Dkt. No. 28 at 7 ("Hoffman-La Roche and Roche Laboratories

have marketed and distributed the accused product, Fuzeon, throughout the United States,

including in Texas.  Under *Beverly Hills Fan*, that suffices to establish personal jurisdiction over

those two corporations.").

Trimeris attempts to distinguish *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc*., 444

F.3d 1356, 1363 (Fed. Cir. 2006), by characterizing the Agreement as a mere "royalty

arrangement."  *See* Dkt. No. 47 at 9-10.  As even a cursory review of the Agreement

demonstrates, the "strategic alliance" is far from just a royalty agreement.  While the Agreement

certainly provides a license to Roche, it also provides for extensive involvement of Trimeris in

---

[5] Trimeris suggests that the Novartis opposition brief has "virtually no mention of **any**
contacts with the Eastern District of Texas."  Dkt. No. 47 at 1 (emphasis in original).  Trimeris
ignores the fact that one of these contacts is particularly significant:  a receipt demonstrating the
sale of the accused product, Fuzeon, in Marshall, Texas.

virtually all aspects of the development and marketing of Fuzeon.  Under the Agreement,

Trimeris is involved in strategy decisions regarding Fuzeon, as well as development of Fuzeon.

*See* Dkt. No. 37, Ex. 1F at §§ 3, 3.2, 3.3, 5.4; Dkt. No. 37, Ex. 1A at 5-7.  Trimeris has

representatives on the "Joint Steering Committee," the "Development Project Team," and the

"North American Joint Marketing Committee," and has influence over marketing and helps pay

for manufacturing of Fuzeon.  *See generally* Dkt. No. 37, Ex. 1F; *see also* Dkt. No. 37 at 2-5.[6]

Trimeris also requires that its name appear on virtually everything relating to Fuzeon.  *See*

Agreement at § 5.4.  Trimeris also issues press releases announcing the quarterly sales results of

Fuzeon and other major events regarding Fuzeon.  *See* Dkt. No. 37., Exs. 1C-1E.  And, as its sole

product and source of revenue, Fuzeon is highlighted on virtually every page of the Trimeris

corporate website.  *Id.*, Ex. 1H.

Trimeris attempts to analogize to *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148

F.3d 1355 (Fed. Cir. 1998), but its analogy fails.[7]  In *Red Wing Shoe*, a party's licensees had

contacts in the forum, but (unlike here) the party did not.  The Federal Circuit held that doing

business with a company that does business in the forum is not the same as doing business in the

forum.  *Id.* at 1361.  This is because under *Burger King*, "the *unilateral* activity of another party

or third person" is not attributable to the defendant.  *Id.* (citing *Burger King Corp. v. Rudzewicz*,

471 U.S. 462, 475 (1985) (emphasis added)).  As demonstrated above, the "strategic alliance"

_____

[6] In light of these facts, the accuracy of Trimeris' statement (Dkt. No. 47 at 10) that "Trimeris is a passive recipient of payments and has no involvement with Fuzeon's manufacture, sale, or distribution" is highly suspect.

[7] Although not analogous in the manner suggested by Trimeris, *Red Wing Shoe* notes that "even a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim." *Id.* at 1359.  Both the sale of Fuzeon in Marshall, Texas and the eight clinical trials for Fuzeon in Texas involve the very product accused of infringement and are therefore "directly and substantially related" to the patent infringement claims in this case.

with Roche that results in the sale of Fuzeon in the Eastern District of Texas cannot be

considered the "unilateral" acts of Roche.  Rather, under the terms of the Agreement, Trimeris is

deeply involved in virtually all of the decisions regarding Fuzeon.  The activities regarding

Roche are bilateral and include Trimeris.  *Red Wing Shoe* is inapposite.

> **B.      Transfer to North Carolina Would Merely Reallocate the Burdens on the Parties**

To obtain transfer, Trimeris "must demonstrate that the balance of convenience and

justice *substantially weighs in favor of transfer*, and, unless the balance of conveniences weighs

heavily in the favor of the defendant, the plaintiff's choice of forum will rarely be disturbed."

*AdvanceMe v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2004) (emphasis added).

Trimeris cannot meet this requirement and transfer should be denied.

Trimeris' arguments are essentially recycled from its opening brief.  The "location of

documents" factor is of little consequence in major patent cases with parties spread across the

globe, as discovery will surely be done in electronic form and any venue will be inconvenient for

some parties.  Judges in this district have clearly discounted this factor in light of the inevitable

production of documents in electronic form.  *See, e.g.*, *Aloft Media LLC v. Adobe Sys. Inc.*, No.

6:07-CV-355, 2008 WL 819956 at *12 (E.D. Tex. Mar. 25, 2008) ; *VCode Holdings, Inc. v.

Cognex Corp.*, No. 2:07-CV-138, 2007 WL 2238054 at *3 (E.D. Tex. Aug. 3, 2007); *Baxter

Healthcare v. Fresenius Medical Care Holdings Inc.*, No. 2:06-CV-438-TJW, 2007 WL 433299

at *3 (E.D. Tex. Feb. 6, 2007).  Moreover, as set forth in the opposition, Novartis is located in

California, Roche is in New Jersey and Switzerland, Roche Colorado is located in Colorado.

There are relevant documents in those locations as well.  Texas is more centrally located *for all

of the parties* than North Carolina, and simply shifting burdens among the parties is not grounds

for transfer.  *See*, *e.g.*, *AdvanceMe*, 450 F. Supp. 2d at 675.  This factor is neutral at best.

The vaguely identified testimony of witnesses (all former employees) that Trimeris appears to control is also not grounds to transfer.  None of the witnesses has indicated an inability or refusal to attend a trial in Texas and, in any event, their testimony could be provided via videotape.  *See Candela Corp. v. Palmer Med. Tech. Inc.*, No. 9:06-CV-277, 2007 WL 738615 at *5 (E.D. Tex. Feb. 22, 2007).  Again, no venue will be ideal for all of the parties and trial elsewhere will undoubtedly be less convenient for other parties, including Novartis.  The mere specter of witness unavailability from one of many parties in a patent case is not sufficient to warrant transfer.  As Trimeris has not shown that this district is substantially less convenient for all of the parties, this factor favors trial in the Eastern District.[8]

The public factors favor trial in Texas.  The caseload statistics cited by Trimeris are similar for time to trial (16.5 months v. 18.0 months).  The fact that this court is, as Trimeris puts it, "more heavily burdened with patent cases" than North Carolina suggests that this court has far more experience with such cases.  The extensive experience of this court with patent cases is certainly not a ground for transfer.[9]  Despite Trimeris' argument to the contrary, Texas has a considerable interest in patent infringement within this district.  *See Aerielle, Inc. v. Monster Cable Prod., Inc.*, Civ. No. 2:06-CV-382, 2007 WL 951639 at *3 (E.D. Tex. Mar. 26, 2007) ("The admitted sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to the citizens of this district.").

---

[8] The cost of attendance is similarly mixed.  The parties are located in California, New Jersey, North Carolina, Colorado, and Switzerland.  Any venue will be inconvenient for some of the parties and shifting inconvenience from one party to another is not grounds for transfer.

[9] Of course, Novartis does not contend that other district courts are incapable of handling complex patent cases.  *See* Dkt. No. 47 at 4-5.  Rather, under the circumstances presented here, this case is most appropriately heard in this district.  It is centrally located for all of the defendants, has extensive experience with patent cases, and manages such cases in a prompt and efficient manner.

6

Trimeris also attempts to resuscitate its "center of gravity test," which it concedes has never been applied in this district. It has probably never been applied because complex patent cases generally have no "center of gravity." *See* Dkt. No. 37 at 16. For example, the patent arose from ground-breaking work conducted in Emeryville, California, and the active ingredient for Fuzeon is made in Denver, Colorado.

Finally, Trimeris suggests that transfer is an easy way for the court to avoid deciding hard legal issues. Initially, as demonstrated above, the jurisdictional issue is straight-forward and Trimeris is clearly subject to personal jurisdiction in the Eastern District of Texas. Moreover, Trimeris provides no authority that this "easy way out" analysis has been applied by the Federal or Fifth circuits or by a court in the Eastern District of Texas.

For all of these reasons, Trimeris cannot show that transfer to North Carolina would be substantially more convenient for all of the parties such that it would outweigh the combination of inconvenience of transfer on other parties and the fact that Novartis filed this case in Texas.

## III.   CONCLUSION

Because it is actively involved in placing Fuzeon into the stream of commerce, Trimeris is subject to personal jurisdiction in this Court. And because North Carolina is no more convenient for all of the parties, the motion to transfer should be denied. Thus, the motion should be denied in its entirety.

Date: August 11, 2008                                   Respectfully Submitted,

                                                        ___/s/ Sam Baxter_____
                                                        Samuel F. Baxter
                                                        Texas Bar No. 01938000
                                                        Lead Attorney
                                                        John F. Garvish, II
                                                        Texas Bar No. 24043681
                                                        MCKOOL SMITH, P.C.
                                                        104 East Houston, Suite 300
                                                        Marshall, Texas 75670
                                                        (902) 923-9000
                                                        (903) 923-9099 (fax)
                                                        sbaxter@mckoolsmith.com

                                                        **COUNSEL FOR PLAINTIFF NOVARTIS
                                                        VACCINES AND DIAGNOSTICS, INC.**

                                                        OF COUNSEL:

                                                        Rachel Krevans
                                                        Matthew I. Kreeger
                                                        Jason A. Crotty
                                                        MORRISON & FOERSTER LLP
                                                        425 Market Street
                                                        San Francisco, CA 94105-2482
                                                        (415) 268-7000
                                                        (415) 268-7522

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service on August 11, 2008.  *See* Local Rule CV-5(a)(3)(A).

By: ____/s/John Garvish_____
             John F. Garvish, II

9